UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| MARIANA MOLLETT,<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>KOHL'S CORPORATION<br><br>*Defendant.* | § § § § § § § § § § § § § | Civil Action No. 21-CV-707<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. §216(b)<br><br>CLASS ACTION PURSUANT<br>TO FED. R. CIV. P. 23(b)(3) |

## ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiff Mariana Mollett ("Plaintiff" or "Mollett") brings this action individually and on behalf of all current and former non-exempt, hourly call-center employees and at-home agents (hereinafter "Plaintiff and the Putative Class Members") who worked for Kohl's Corporation (hereinafter "Defendant" or "Kohl's"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA") of 1938, as amended 29 U.S.C. § 216(b), and to recover unpaid straight time pursuant to Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Texas state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This lawsuit includes a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201–19, and a class action pursuant to the state laws of Texas to recover unpaid straight time wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Kohl's, in call centers or from home, anywhere in the United States within the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of the FLSA and state law.

3. Specifically, Kohl's has enforced a uniform company-wide policy wherein it improperly required its non-exempt, hourly call-center employees and at-home agents—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. Kohl's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Kohl's has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA, or Texas state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

U.S.C. § 216(b), and to recover all unpaid straight time owed under the Texas state-law claim as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 Texas class be certified as defined herein, and that Plaintiff Mollett designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Mariana Mollett ("Mollett") was employed by Kohl's in Texas during the relevant time periods. Plaintiff Mollett did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former non-exempt, hourly call-center employees and at-home agents who were employed by Kohl's anywhere in the United States at any time from June 1, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mollett worked and was paid.

13. The Texas Common-Law Class Members are those current and former non-exempt, hourly call-center employees and at-home agents who were employed by Kohl's in the State of Texas at any time from June 1, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mollett worked and was paid.

---

[1] The written consent of Mariana Mollett is hereby attached as Exhibit "A."

14. Defendant Kohl's Corporation is licensed and doing business in Wisconsin, and can be served with process through its Registered Agent: **Corporate Creations Network, Inc., 4650 W. Spencer St. Appleton, Wisconsin 54914-9106.**

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201–19.

16. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Kohl's because the cause of action arose in and around this District as a result of Kohl's conduct within this District and Division.

18. Venue is proper in the Eastern District of Wisconsin because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Kohl's corporate headquarters are located in Milwaukee, Wisconsin which is located within this District and Division.

20. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Kohl's operates throughout the United States and is a leading omnichannel retailer with more than 1,100 stores in 49 states, offering products ranging from clothes to kitchen appliances.[2]

22. To provide its services, Kohl's employed (and continues to employ) numerous non-exempt, hourly call-center employees and at home agents—Plaintiff and the Putative Class Members—who provide customer support and sales services to its millions of customers.

---

[2] https://corporate.kohls.com/company/about-kohl-s/amazing-product

23. Plaintiff and the Putative Class Members' job duties consisted of receiving telephone calls from Kohl's clients' customers and assisting those customers.

24. Plaintiff Mollett was employed by Kohl's in San Antonio, Texas from approximately October 2010 until January 2021.

25. Plaintiff and the Putative Class Members are all non-exempt call-center employees who were (and are) paid by the hour.

26. Plaintiff and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

27. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members often worked up to three hours "off-the-clock" per week and have not been compensated for that time.

### Unpaid Start-Up Time

28. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Kohl's as a result of Kohl's corporate policy and practice of requiring its hourly call-center employees to clock-in only when ready to take their first call.

29. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

30. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

31. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

32. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

33. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### Unpaid Work During the Meal Period Break

34. Kohl's provides Plaintiff and the Putative Class Members with one unpaid thirty-minute meal break each day.

35. However, Kohl's requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.

36. Plaintiff and the Putative Class are required to stay on the clock and on call until the minute their meal break begins, they then must clock out, then perform a lengthy shut down process, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

37. Plaintiff and the Putative Class Members are required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break end.

38. The log off process used prior to taking a meal break can take anywhere from one to three minutes.

39. The log in process used after returning from a meal break can take anywhere from another one to three minutes.

40. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break per Kohl's policy.

### Unpaid Re-Boot Time

41. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

42. Plaintiff and the Putative Class Members were also not compensated for the time they worked for Kohl's rebooting Kohl's computers after they crashed.

### Unpaid Rest Breaks Lasting Twenty Minutes or Less

43. In addition, Kohl's also enforced a uniform company-wide policy wherein they improperly required its non-exempt hourly employees—Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

44. Kohl's permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

45. As a result of Kohl's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid meal period breaks, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

46. Kohl's has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

47. Kohl's is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

48. Because Kohl's did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Kohl's pay policies and practices violate the FLSA.

49. Because Kohl's did not pay Plaintiff and the Putative Class Members for all the straight time hours they worked, Kohl's pay policies and practices also violate Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A. FLSA COVERAGE**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY KOHL'S CORPORATION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 1, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

52. At all times hereinafter mentioned, Kohl's has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53. At all times hereinafter mentioned, Kohl's has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

54. At all times hereinafter mentioned, Kohl's has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises

have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Kohl's, these individuals provided services for Kohl's that involved interstate commerce for purposes of the FLSA.

56. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Kohl's who assisted Kohl's customers throughout the United States. 29 U.S.C. §203(j).

58. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

59. In violating the FLSA, Kohl's acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

60. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 51.

61. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Kohl's.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Kohl's has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates for which they were employed.

64. Moreover, Kohl's knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

65. Kohl's knew or should have known its pay practices were in violation of the FLSA.

66. Kohl's is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

67. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Kohl's to pay them according to the law.

68. The decisions and practices by Kohl's to not pay for all hours worked and the proper amount of overtime for all hours worked over forty each week was neither reasonable nor in good faith.

69. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.  FLSA COLLECTIVE ACTION ALLEGATIONS**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all Kohl's employees throughout the United States who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

72. Other similarly situated employees of Kohl's have been victimized by Kohl's patterns, practices, and policies, which are in willful violation of the FLSA.

73. The FLSA Collective Members are defined in Paragraph 51.

74. Kohl's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Kohl's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

75. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

76. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

77. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

78. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

79. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Kohl's will retain the proceeds of its violations.

80. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

81. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 51 and should be sent promptly.

## COUNT TWO
**(Class Action Alleging Violations of Texas Common Law)**

### A. VIOLATIONS OF TEXAS COMMON LAW

82. All previous paragraphs are incorporated as though fully set forth herein.

83. Plaintiff Mollett further brings this action pursuant to the equitable theory of *quantum meruit. See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

84. The Texas Class is defined as:

**ALL HOURLY CALL-CENTER WHO WERE EMPLOYED BY KOHL'S CORPORATION, IN THE STATE OF TEXAS, AT ANY TIME FROM JUNE 1, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

85. The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Kohl's. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

86. The Texas Common-Law Class Members provided valuable services for Kohl's, at Kohl's direction and with Kohl's acquiescence.

87. Kohl's accepted the Texas Common-Law Class Members' services and benefited from their timely dedication to Kohl's policies and adherence to Kohl's schedule.

88. Kohl's was aware that Plaintiff Mollett and the Texas Common-Law Class Members expected to be compensated for the services they provided Kohl's.

89. Kohl's has therefore benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and they are therefore entitled to recover pursuant to the equitable theory of *quantum meruit*.

### B. TEXAS COMMON-LAW CLASS ALLEGATIONS

90. Plaintiff Mollett brings her Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Kohl's to work in Texas since June 1, 2017. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

91. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.

92. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

93. Plaintiff Mollett is a member of the Texas Common-Law Class, her claims are typical of the claims of the other Texas Common-Law Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Texas Common-Law Class Members.

94. Plaintiff Mollett and her counsel will fairly and adequately represent the Texas Common Law Class Members and their interests.

95. Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

96. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph

## VI.
## RELIEF SOUGHT

97. Plaintiff respectfully prays for judgment against Kohl's as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 51 and requiring Kohl's to provide names, addresses, e-mail addresses, telephone number, and social security numbers of all putative Collective Action Members.

  b. For an Order approving the form and content of notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and their rights with respect thereto;

  c. For an Order pursuant to section 16(b) of the FLSA finding Kohl's liable for unpaid wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in the amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  d. For an Order certifying the Texas Common-Law Class as defined in Paragraph 84 and designating Plaintiff Mollett as the Class Representative of the Texas Common-Law Class;

  e. For an Order pursuant to Texas Common-Law awarding Plaintiff Mollett and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

  f. For an Order awarding the costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiff Mollett a service award as permitted by law;

  j. For an Order compelling the accounting of the books and records of Kohl's, at Kohl's expenses; and

  k. For an Order Granting such other and further relief as may be necessary and appropriate.

## VII.
## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated: June 8, 2021                                  Respectfully submitted,

                                      **HAWKS QUINDEL, S.C.**

By:    /s/ *Summer H. Murshid*
        **Summer H. Murshid**
        Wisconsin Bar No.1075404
        smurshid@hq-law.com
        **Gregory P. Stratz**
        Wisconsin Bar No.1107925
        gstratz@hq-law.com
        222 East Erie, Suite 210
        P.O. Box 442
        Milwaukee, WI  53201-0442
        Telephone: 414-271-8650
        Fax: 414-271-8442


                                      **ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
        **Clif Alexander**
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **Lauren E. Braddy**
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        **Carter T. Hastings**
        Texas Bar No. 24101879
        carter@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        ***Attorneys for Plaintiff and the Putative Class Members***