UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARIANNA MOLLETT,

        Plaintiff,

  v.

KOHL'S CORPORATION,

        Defendant.

Case No. 21-cv-707-pp

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL (DKT NO. 27) AND DISMISSING CASE WITH PREJUDICE**

---

     On June 8, 2021, the named plaintiff filed a complaint alleging violations of the Fair Labor Standards Act (FLSA) and Texas common law on behalf of call-center employees employed by the defendant since June 1, 2018. Dkt. No. 1. Since August 20, 2021, the plaintiff has filed three notices of consents to join under 29 U.S.C. §216(b), indicating that thirty-three additional individuals have consented to join the collective action. Dkt. Nos. 12, 14, 19.

     On August 29, 2022, the parties filed a joint status report alerting the court that they successfully reached settlement terms at a mediation. Dkt. No. 25. On September 12, 2022, the named plaintiff, individually and on behalf of all others similarly situated filed an unopposed motion for settlement approval and dismissal with prejudice. Dkt. No. 27. The unopposed motion seeks the court's approval of the parties' proposed settlement agreement and dismissal of the case with prejudice. Id. at 1.

1

**I. Settlement Agreement (Dkt. No. 27-2)**

   A. <u>Background</u>

Under the proposed settlement agreement, the defendant will establish a gross settlement fund of $450,000. Dkt. No. 27-1 at 3. A $5,000 service fee will be paid out from the settlement fund to the representative plaintiff and $160,000 will be paid from the fund to the collective counsel. Id. at 10-11; Dkt. No. 27-2 at ¶7(b), (c). The gross settlement fund also will pay for the settlement administrator's fees and expenses, including the costs of mailing all notes and checks under the settlement agreement. Dkt. No. 27-2 at ¶¶1(n), 7(h). The remaining amount—the "Net Settlement Fund"—will be paid to "Settlement Collective Members," which include the named plaintiff, opt-in plaintiffs and putative collective members who opt in to the case by signing and timely returning a claim form. Dkt. No. 27-1 at 3-4.

The proposed settlement agreement describes the process for distributing funds to the settlement collective members. Within fourteen days of receiving the list of putative class members from the defendant, the settlement administrator will mail each putative class member the notice materials containing the settlement notice and the claim form. Dkt. No. 27-1; Dkt. No. 27-2 at ¶¶1(o), 13(c). During the "Notice Period," putative class members will have sixty days after the settlement notice materials are mailed to return their claim forms and become a settlement collective member. Dkt. No. 27-1 at 4; Dkt. No. 27-2 at ¶14(b).

The settlement agreement outlines the method for calculating the dollar amount to be paid to each settlement collective member. The allocation formula provides:

> The Net Settlement Fund will be divided into equal shares based on the total number of workweeks by the Settlement Collective Members from the Collective Period, with each workweek equal to one-share of the Net Settlement Fund (i.e., if the total work weeks worked by the Settlement Collective Members for the Collective Period equaled 100 workweeks, each workweek would represent 1/100 [i.e., 1-share] of the Net Settlement Fund). If a Settlement Collective Member timely returns a Claim Form during the Notice Period, they will receive a payment at the rate calculated for one share from the Net Settlement Fund for each share allocated to them based on the above formula. [The defendant's] records shall determine the overall workweeks worked by the Settlement Collective Members.

The plaintiffs contend that under this formula, each settlement collective member will receive no less than $25. Dkt. No. 27-1 at 4. In exchange, the settlement collective members agree to dismiss their FLSA claims against the defendant. Dkt. No. 27-2 at ¶15(c).

B.  Analysis

"A one-step settlement approval process is appropriate" for FLSA collectives. Knox v. Jones Grp., No. 15-cv-1738, 2017 WL 3834929, at *2 (S.D. Ind. Aug. 31, 2017) (collecting cases); Heuberger v. Smith, No. 3:16-CV-386, 2019 WL 3030312 (N.D. Ind. Jan 4, 2019). "Unlike a typical class action suit under Federal Rule of Civil Procedure 23, in which unwilling plaintiffs must 'opt out' of the class, a collective action under Section 216(b) of the FLSA requires employees or former employees to 'opt in' to the class by providing written consent to join the collective action." Meetz v. Wis. Hosp. Grp. LLC, No.

3

16-C-1313, 2017 WL 3736776, at *2 (E.D. Wis. Aug. 29, 2017) (citing Woods v. N.Y. Life Ins. Co., 686 F.2d 578, 579–80 (7th Cir. 1982) (discussing differences between Rule 23 class action and FLSA collective action)). This court previously was persuaded by reasoning in similar cases in the Northern District of Illinois finding that the opt-in requirement of collective actions under 29 U.S.C. §216(b) does not implicate due process issues like those in Rule 23 class actions. Benoskie v. Kerry Foods, Inc., No. 19-cv-684, 2020 WL 5769488 (E.D. Wis. Sept. 28, 2020).

The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval. Rambo v. Global Diversified, Inc., No. 4:20-cv-04212, 2021 WL 262556, at *1, n.2 (C.D. Ill. Jan. 26, 2021) (citing, *e.g.* Salcedo v. D'Arcy Buick GMC, Inc., 227 F. Supp. 3d 960, 961 & n.1 (N.D. Ill. 2016); Paredes v. Monsanto Co., No. 4:15-CV-088, 2016 WL 1555649, at *1 (N.D. Ind. Apr. 18, 2016); Ellison v. Nisource, Inc., No. 2:15-CV-59, 2016 WL 782857, at *1-2 (N.D. Ind. Feb. 19, 2016)). But see Martin v. Spring Break '83 Prods. L.L.C., 688 F.3d 247, 255-56 (5th Cir. 2012) (finding private settlement of a FLSA suit enforceable where there was a *bona fide* dispute between the parties over the hours worked although no court previously had approved the settlement).

"If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Castillo v. Noodles & Co., No. 16-CV-03036, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016). If

4

the proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions, courts may approve the agreements to encourage settlement of litigation. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). The court must consider whether the agreement is "a reasonable compromise of disputed issues rather than a mere waiver of statutory right brought by an employer's overreaching." Burkholder v. City of Ft. Wayne, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010). Courts consider factors such as:

> (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation.

Paredes, 2016 WL 1555649, at *2.

Regarding the first factor, the plaintiffs explain that extensive discovery remains as to both class certification and the merits, including depositions, written discovery, and likely expert witnesses. Dkt. No. 27-1 at 7. They anticipate that they would file and brief dispositive motions. Id. at 8. The plaintiffs contend that a trial would likely last more than one month. Id.

As to the second factor—the stage of the proceedings and the amount of discovery completed—the plaintiffs have not yet moved for certification of a collective action under 29 U.S.C. §216(b) or certification of a class action under Federal Rule of Civil Procedure 23(b)(3) nor have the parties filed dispositive motions. Id.

5

As for the third factor (the risks of establishing liability) and the fourth factor (the risks of establishing damages), the plaintiffs recognize that the likelihood of establishing liability and the amount of damages they would be awarded is uncertain. Id. at 8-9. The parties dispute whether the plaintiffs are owed compensation due to the defendant's alleged violations of the FLSA and the plaintiffs acknowledge that even if they could show liability, determining the specific amount of recovery would take a substantial amount of additional time with an uncertain result. Id.

As to the fifth factor, the plaintiffs maintain that given the uncertainty in today's economy, a concrete resolution now outweighs the risks of prolonging litigation for a potentially larger payment. Id. at 6 n.3. The motion does not indicate whether the defendant can withstand a larger judgment.

As to the sixth and seventh factors—the range of reasonableness of the settlement in light of the best possible recovery and in light of all the risks of litigation—the plaintiffs maintain that the collective counsel has extensive experience in handling large nationwide FLSA collection actions and believe that the proposed settlement is a fair and reasonable compromise. Id. at 9. The collective counsel comes to this conclusion based on its experience with FLSA collective actions, specifically with call-center cases and its analysis of the case. Id.

The court concludes that an agreement that will pay the plaintiff collective $450,000 is a reasonable compromise of the disputed issues, assuming the costs of potential litigation. Because the parties were at only the

initial discovery phase when they reached this agreement, it is reasonable to assume that much more litigation lays ahead and that it would have been costly. The court will approve the proposed settlement.

## II. Conclusion

The court **GRANTS** the plaintiffs' unopposed motion for settlement approval. Dkt. No. 27.

The court **APPROVES** the settlement agreement, dkt. no. 27-2, and **APPROVES** awards of $160,000 in attorneys' fees and $5,000 to the collective representative.

The court **CERTIFIES** the following FLSA collective for settlement purposes only:

> All current or former hourly call-center employees who worked for the defendant in a position involved in customer service/contact, anywhere in the United States, at any time from August 13, 2018 through July 13, 2022, who were identified in the timekeeping and payroll data produced by the defendant for purposes of facilitating the plaintiffs' and defendant's settlement discussions and all hourly-call-center employees who have previously filed a consent to join this lawsuit.

The court **APPROVES** the FLSA notice of collective action settlement, dkt. no. 27-2 at 30-38, and the claim form, <u>id.</u> at 39-40.

The court **ORDERS** that the FLSA collective members' released FLSA claims are **DISMISSED WITH PREJUDICE**.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**